UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CURT MCLELLAN, | Case No. 2:22-cv-00281-GMN-EJY |
| Petitioner, | **ORDER** |
| v. | |
| TIM GARRETT, et al. | |
| Respondents. | |

This is a habeas corpus action under 28 U.S.C. § 2254. Petitioner Curt McLellan has filed a petition for writ of habeas corpus. ECF No. 1. The court has reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court will serve the petition upon respondents for a response.

IT THEREFORE IS ORDERED that the clerk add Aaron Ford, Attorney General for the State of Nevada, as counsel for respondents.

IT FURTHER IS ORDERED that the clerk provide copies of this order and all prior filings to the Attorney General in a manner consistent with the clerk's current practice, such as regeneration of notices of electronic filing to the office of the Attorney General only.

IT FURTHER IS ORDERED that respondents must file a response to the petition, including potentially by motion to dismiss, within 60 days of entry of this order and that petitioner may file a reply within 30 days of service of an answer. The response and reply time to

any motion filed by either party, including a motion filed in lieu of a pleading, will be governed instead by Local Rule LR 7-2(b).

IT FURTHER IS ORDERED that any procedural defenses raised by respondents to the petition must be raised together in a single consolidated motion to dismiss.  In other words, the court does not wish to address any procedural defenses raised herein either in serial fashion in multiple successive motions to dismiss or embedded in the answer.  Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.  Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, may be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT FURTHER IS ORDERED that, notwithstanding Local Rule LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the court.

DATED:  March 18, 2022

_____
GLORIA M. NAVARRO
United States District Judge