# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

CURT MCLELLAN,

                          Petitioner,

v.

TIM GARRETT, ET AL.,

                        Respondents.

Case No. 2:22-cv-00281-GMN-EJY

**ORDER**

Counseled Petitioner Curt McLellan petitions for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that the trial court improperly admitted prior bad act evidence, the prosecution engaged in prosecutorial misconduct, he was not given adequate notice of the crimes charged, his trial and appellate counsel were ineffective, and cumulative error. (ECF No. 1.) Respondents move to dismiss McLellan's petition as untimely, or alternatively, to dismiss ground 5 as procedurally defaulted. (ECF No. 8.) McLellan opposed the motion, and Respondents replied. (ECF Nos. 12, 16.)

## I.    BACKGROUND

McLellan challenges his 2006 convictions, pursuant to a jury trial, of 22 counts of sexual assault with a minor under 14 years of age and 20 counts of lewdness with a child under 14 years of age. (ECF No. 9-38.) McLellan appealed his judgment of conviction, and the Nevada Supreme Court affirmed. (ECF No. 10-3.) McLellan filed a state habeas corpus petition and a counseled amended state habeas corpus petition. (ECF Nos. 10-6, 10-16.) The state district court denied the amended petition. (ECF No. 10-25.) McLellan appealed, and the Nevada Supreme Court affirmed the denial. (ECF No. 11-16.)

McLellan filed a federal habeas corpus petition in this Court on December 30, 2016, in case number 2:16-cv-03038-JCM-CWH.[1]  Respondents moved to dismiss McLellan's petition, and this Court granted the motion, in part, on August 23, 2018.  In that August 23, 2018, order, this Court found ground E, a claim of cumulative error, to be unexhausted.  This Court concluded that McLellan's petition was "mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal."  This Court, therefore, ordered McLellan, within 30 days, "to file a motion for dismissal without prejudice of the entire petition, for partial dismissal of ground E, or for other appropriate relief."  This Court warned that "[f]ailure to comply with th[e] order [would] result in the dismissal of this action."  McLellan failed to file anything in accordance with the August 23, 2018, order, so this Court dismissed McLellan's petition without prejudice for his failure to exhaust his available state-court remedies.  This Court stated that it "makes no statement about the timeliness of any subsequently commenced action."  Judgment was entered on November 14, 2018.

More than a year and three months later, on March 9, 2020, McLellan moved to reopen case number 2:16-cv-03038-JCM-CWH and to stay the case.  On April 10, 2020, this Court found that McLellan had "not demonstrated the extraordinary circumstances necessary to grant him relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure," so this Court denied McLellan's motion to reopen and motion for stay.  In its April 10, 2020, order this Court explained McLellan's lack of action following the dismissal of his petition:

> The time to move to alter or amend the judgment expired. *See* Fed. R. Civ. P. 59(e). The time to appeal expired. *See* Fed. R. App. P. 4(a)(1)(A). The time to move for an extension of the time to appeal expired. *See* Fed. R. App. P. 4(a)(5). The time to move for a reopening of the time to appeal expired. *See* Fed. R. App. P. 4(a)(6). The time to move for relief from the judgment under Rules 60(b)(1), (2), and (3) expired. *See* Fed. R. Civ. P. 60(c)(1).

---

[1]This Court takes judicial notice of the docket in this case.

This Court also explained that McLellan failed to "explain[ ] why he waited more than fifteen months to file the motion to reopen." This Court again stated that it "makes no statement whether any [new petition] would be timely under 28 U.S.C. § 2244(d)(1)."

Simultaneously with his motion to reopen in case number 2:16-cv-03038-JCM-CWH, McLellan filed a second, counseled state habeas petition on March 6, 2020, alleging a single claim of cumulative error. (ECF No. 11-20.) The state district court denied McLellan's petition as time-barred and successive. (ECF No. 11-26.) McLellan appealed, and the Nevada Court of Appeals affirmed the denial on November 17, 2021. (ECF No. 11-47.)

McLellan filed his instant federal habeas petition in case number 2:16-cv-03038-JCM-CWH on February 7, 2022. On February 14, 2022, this Court struck the petition and instructed the clerk of the court to "open a new civil action, and file the petition for a writ of habeas corpus in that action." This Court noted that "the title of the petition is 'Petition for Writ of Habeas Corpus,' without any indication that McLellan intended to file an amended petition" in case number 2:16-cv-03038-JCM-CWH.

On that same day, February 14, 2022, the instant case was opened, and McLellan's petition was filed. (ECF No. 1.) This Court ordered Respondents to file a response to the petition, including potentially by motion to dismiss. (ECF No. 2.) Respondents filed a motion to dismiss, McLellan responded, and Respondents replied. (ECF Nos. 8, 12, 16.)

## II.    DISCUSSION

The Antiterrorism and Effective Dealt Penalty Act (AEDPA) establishes a one-year limitation period for state prisoners to file a federal habeas petition under 28 U.S.C. § 2254. The one-year limitation period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by

either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).  For a Nevada prisoner pursing a direct appeal, a conviction becomes final when the 90-day period for filing a petition for certiorari in the Supreme Court of the United States expires after a Nevada appellate court has entered judgment or the Supreme Court of Nevada has denied discretionary review. *Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13.

The AEDPA limitation period is tolled while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2).  But no statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).  And no statutory tolling is allowed for the period between the finality of a post-conviction appeal and the filing of a federal petition. *Nino*, 183 F.3d at 1007.

In this case, McLellan's conviction became final when the time expired for filing a petition for writ of certiorari with the Supreme Court of the United States on July 30, 2008.  The federal limitations period began running the following day.  McLellan timely filed his state petition on April 29, 2009, tolling the AEDPA clock.  As a result, 272 days elapsed between the finality of the judgment and the filing of the state petition.  The remaining 93 days of the AEDPA limitation period was statutorily tolled during the pendency of all proceedings related to his state petition. The period of statutory tolling ended on October 25, 2016, when the Nevada Supreme Court issued its remittitur following its affirmation of the denial of McLellan's state habeas petition.  The federal limitations period began running again the following day: October 26, 2016.  Absent any tolling or delayed accrual, McLellan's federal limitations period expired 93 days later on January 27,

2017.  McLellan's instant federal habeas petition, which was filed February 14, 2022, more than 5 years later, is untimely on its face.  McLellan must therefore show cause why the petition should not be dismissed with prejudice as time-barred under § 2244(d).

McLellan appears to concede that his one-year statutory period under § 2244(d)(1) expired prior to the filing of his instant federal habeas petition, but he argues that he is entitled to equitable tolling to excuse his failure to file within the one-year period. (ECF No. 12 at 5.)  The Supreme Court has held that AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010).  However, equitable tolling is appropriate only if (1) a petitioner has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  To satisfy the first element, a petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing." *Smith v. Davis*, 953 F.3d 582, 598–99 (9th Cir. 2020) (en banc) (expressly rejecting stop-clock approach for evaluating when petitioner must be diligent).  To satisfy the second element, a petitioner must demonstrate that the "extraordinary circumstances" were the *cause* of his untimeliness. *Grant v. Swarthout*, 862 F.3d 914, 926 (9th Cir. 2017).  In other words, "that some external force caused his untimeliness, rather than mere oversight, miscalculation or negligence." *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (internal quotation omitted).

McLellan argues that he is entitled to equitable tolling because this Court's August 23, 2018, order in case number 2:16-cv-03038-JCM-CWH "failed to provide sufficient guidance to [him] in drafting a subsequent motion to dismiss on [his] owns claims," and this Court's dismissal

order in that case "compounded that failure by further using ambiguous language regarding timeliness and procedural barring of subsequent motions." (ECF No. 12 at 5.)  The Supreme Court has indicated that equitable tolling may be appropriate where a court misleads a habeas petitioner. *Pliler v. Ford*, 542 U.S. 225, 234 (2004) (remanding to address Ninth Circuit's concern that prisoner may have been affirmatively misled by the magistrate judge); 542 U.S. at 235 (O'Connor, J., concurring) ("if the petitioner is affirmatively misled, either by the court or by the State, equitable tolling might well be appropriate").  However, a petitioner's "misunderstanding of accurate information [provided by a court] cannot merit relief." *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (internal citation and quotation marks omitted).

Although this Court's August 23, 2018, order in case number 2:16-cv-03038-JCM-CWH did not specifically instruct McLellan that he had the option of filing a motion for a stay and abeyance so that he could return to state court to exhaust ground E, it did instruct him "to file a motion for dismissal without prejudice of the entire petition, for partial dismissal of ground E, or for other appropriate relief." (ECF No. 15 at 4.)  McLellan fails to articulate how this instruction was vague or ambiguous, especially since he was represented by counsel during the entirety of his proceedings in case number 2:16-cv-03038-JCM-CWH.  As such, this Court finds that McLellan was provided accurate information by this Court in case number 2:16-cv-03038-JCM-CWH, so McLellan is not entitled to equitable tolling on this basis. *See Brambles v. Duncan*, 412 F.3d 1066, 1070–71 (9th Cir. 2005) (denying equitable tolling where the district court's statement was not affirmatively misleading, even though the petitioner was not told that the stay and abey process was available; district court accurately told the *pro se* petitioner, who had filed a mixed petition, to either dismiss his unexhausted claims and proceed in federal court with only his then-exhausted

claims, or request dismissal of the entire petition without prejudice and exhaust his then-unexhausted claims before returning to federal court).

Further, McLellan fails to demonstrate that he was diligent in pursuing his rights. This Court instructed McLellan, within 30 days, "to file a motion for dismissal without prejudice of the entire petition, for partial dismissal of ground E, or for other appropriate relief." McLellan failed to file anything within that 30-day period. Indeed, if McLellan was confused by this Court's order, as he claims, he could have filed a motion for clarification. Instead, McLellan waited a year and a half before filing his motion to reopen his federal case and his new state habeas petition to exhaust ground E. This certainly fails to show that McLellan acted with diligence.

In sum, McLellan filed his federal petition after the expiration of the AEDPA statute of limitations. He has failed to meet the burden of establishing that he is entitled to equitable tolling, and McLellan alleges no other basis for tolling, equitable or statutory, does not allege delayed accrual, and does not allege actual innocence. Accordingly, his petition (ECF No. 1) is dismissed with prejudice as untimely.

## III. CERTIFICATE OF APPEALABILITY

A district court is required to issue or deny a certificate of appealability when it enters a final order adverse to a habeas petitioner, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. *See* Fed. § 2254 R. 11(a); 9th Cir. R. 22- 1(a). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where a district court denies relief on procedural grounds without reaching the underlying constitutional claim, the court applies a two-step inquiry to decide whether a certificate of appealability is appropriate. *See Payton v. Davis*, 906 F.3d 812, 820 (9th Cir. 2018). A petitioner

must show both that jurists of reason would find it debatable (1) "'whether the petition states a valid claim of the denial of a constitutional right,'" and (2) "'whether the district court was correct in its procedural ruling.'" *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484); *Payton*, 906 F.3d at 820 ("Both components must be met before [the Ninth Circuit] may entertain the appeal.").   To meet the threshold inquiry, a petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *See Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006).

Applying this standard, the Court finds that no reasonable jurist would find this Court's dismissal of the petition to be debatable or wrong.  The Court therefore denies McLellan a certificate of appealability.

**IV.   CONCLUSION**

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 8) is granted. McLellan's petition (ECF No. 1) is dismissed with prejudice as untimely.

It is further ordered that a certificate of appealability is denied, as reasonable jurists would not find the district court's dismissal of the petition as untimely to be debatable or wrong, for the reasons discussed herein.

It is further ordered that the Clerk of Court is directed to enter final judgment accordingly, in favor of Respondents and against Petitioner, dismissing this action with prejudice, and close this case.

Dated: September 12, 2022

_____
Gloria M. Navarro, Judge
United States District Court